UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOSE HERNANDEZ | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:03-CR-24-TS |
| | ) | (1:05-CV-71-TS) |
| UNITED STATES OF AMERICA | ) | |

**OPINION AND ORDER**

This matter is before the Court on Jose Hernandez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 126], filed on February 25, 2005. The government responded on May 20, 2005, and the Defendant replied on August 12.

**BACKGROUND**

A two-count Indictment charged the Defendant, Jose Hernandez, with distributing more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of the drug trafficking crime charged in Count 1, in violation of 18 U.S.C. § 924(c).

On January 5, 2004, a Plea Agreement and agreed motion for downward departure under 18 U.S.C. § 3533 were filed. On January 12, 2004, the Defendant entered his plea of guilty to Counts 1 and 2 of the Indictment in accordance with the parties' written Plea Agreement. The Court adjudged the Defendant guilty on his plea.

On April 27, 2004, the Court sentenced the Defendant to 46 months imprisonment on Count 1 and a consecutive 60-month term of imprisonment on Count 2. The Defendant did not file an appeal.

On February 25, 2005, the Defendant filed his petition for relief under § 2255, claiming that

his Sixth Amendment right to counsel was violated when his counsel failed to demonstrate to the court that the evidence supporting his conviction for possessing a firearm in furtherance of a drug trafficking crime was insufficient. On May 20, 2005, the government responded and on August 12, the Defendant replied.

## DISCUSSION

The Defendant contends that his attorney provided ineffective assistance of counsel when he failed to demonstrate to the Court that the evidence supporting his conviction for Count 2 of the Indictment was insufficient. However, the Defendant signed a written plea agreement and pleaded guilty to the firearm charge. The Defendant does not suggest in his petition that his plea was involuntary or unknowing. He specifically states in his reply brief that he "does not challenge the guilty plea." (DE 145 at 4.) "Instead he seeks habeas relief on the ground that counsel failed to demonstrate the Government had no evidence to establish a sufficient nexus between the cocaine and the weapon discovered at 4506 Spatz Street, Fort Wayne, Indiana." (DE 145 at 4.)

A guilty plea, entered into intelligently and voluntarily by a defendant represented by competent counsel, may not be collaterally attacked. *United States v. Broce*, 488 U.S. 563, 569 (1989). However, a defendant may challenge his guilty plea on the ground that counsel's ineffective assistance rendered his plea unknowing or involuntary. *Id.* The Defendant incongruously claims that his counsel should have argued that there was insufficient evidence to support the Defendant's conviction for the firearm charge while at the same time acknowledges that his plea of guilt—on that same charge—was not deficient.

The Defendant's ineffective assistance of counsel claim appears to be a disguise for

challenging the sufficiency of the evidence. Because the Defendant did not challenge the sufficiency of the evidence on direct appeal, he cannot raise the issue by way of a § 2255 petition. *See Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988) (stating that non-constitutional errors which could have been raised on appeal but were not, are barred on collateral review); *United States v. Cranshaw*, 817 F. Supp. 723, 727 (N.D. Ill. 1993) (noting that sufficiency of the evidence is a non-constitutional issue).

Even if the Court considers the Defendant's claim as one for ineffective assistance of counsel, the Defendant is not entitled to relief. The standard for reviewing a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985), the Supreme Court held that the *Strickland* analysis applies to counsel's conduct during the pleading phase. To mount a successful claim that counsel was ineffective at the pleading stage, a plaintiff must first show that his attorney performed in a deficient manner, *Strickland*, 466 U.S. 668, 687, and then prove that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58–59. "A failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002) (citation omitted). The Court's scrutiny of counsel's performance is highly deferential. *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1133 (7th Cir.1990). To overcome the presumption that an attorney's performance was effective, the plaintiff must establish specific acts or omissions of his counsel which constitute ineffective assistance. The court then considers whether these acts or omissions were made outside the wide range of professionally competent assistance. *Coleman v. United States*, 318 F.3d 754, 75–58 (7th Cir. 2003); *Menzer v. United States*, 200 F.3d 1000, 1003 (7th Cir. 2000). To find that the

Defendant's guilty plea was involuntary as a result of ineffective assistance of counsel, his attorney must have given advice that falls below prevailing professional norms. *Chichakly v. United States*, 926 F.2d 624, 628 (7th Cir.1991).

Here, the only specific omission the Defendant points to is his counsel's failure to demonstrate that the government's evidence on the gun charge was insufficient. The Defendant does not indicate at what point in the proceedings counsel should have attempted to make this demonstration, or through what mechanism it could have been made. The Defendant does not suggest that he should have been allowed to withdraw his guilty plea and he cannot be asserting that his counsel should have challenged the evidence during the plea colloquy, as the Defendant has already admitted that he is not challenging the guilty plea. There is nothing in the record to indicate that the Defendant did not enter his Plea Agreement with the government knowingly and voluntarily or that his plea was not knowing and voluntary. In exchange for his plea, the Defendant was sentenced below the mandatory minimum on Count 1 and received a three-point reduction in his offense level for acceptance of responsibility. The Defendant does not point to any poor advice from his counsel, regarding the consequences of his plea, the likely outcome of a trial, the possible penalties, or any other matter touching upon his guilty plea.

Nothing in the record indicates that the Defendant was not free to exercise his right to challenge the sufficiency of the government's evidence at trial if that is what he so desired. The Defendant decided to enter a plea of guilty instead of proceeding to trial and he cannot now claim that his counsel's failure to demonstrate that the government's evidence was insufficient was ineffective assistance. A guilty plea is an admission of all of the elements of the crime charged. *United States v. Ranum*, 96 F.3d 1020, 1024 (7th Cir. 1996). The Defendant does not argue that he

4

was unaware of the elements of the firearm charge when he pleaded guilty. The Defendant cannot, as he argues, have the benefit of both a Plea Agreement, where he admits his guilt before the Court knowingly and voluntarily, and a trial, where he challenges the government's evidence that he committed the crime.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [DE 126] is DENIED.

SO ORDERED on November 9, 2005.

                                                     s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT