UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOSE HERNANDEZ, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:03-CR-24-TS |
| | ) | (1:05-CV-71-TS) |
| UNITED STATES OF AMERICA. | ) | |
| | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Jose Hernandez's Application for a Certificate of Appealability. The Defendant was charged with distributing more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and with possessing a firearm in furtherance of the drug trafficking crime in violation of 18 U.S.C. § 924(c). He entered into a plea agreement, the Court adjudged him guilty, and he was sentenced. The Defendant did not appeal his conviction or sentence. On February 25, 2005, the Defendant filed a petition for relief under 28 U.S.C. § 2255. The Defendant argued that his Sixth Amendment guarantee of effective assistance of counsel was denied to him because his lawyer did not challenge the sufficiency of the government's evidence regarding the § 924(c) charge. The Court denied the Defendant's motion on November 9, 2005. The Defendant now asks the Court for permission to appeal.

Rule 22(b)(1) of the Federal Rules of Appellate Procedure regulates such appeals:

> in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

Fed. R. App. P. 22(b)(1). In accordance with § 2253(c), a certificate of appealability is issued only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3). "This means . . . that 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further.'" *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322 (2003)).

No reasonable jurist could agree with the arguments raised by the Defendant's § 2255 motion. A successful claim of ineffective assistance of counsel requires the petitioner to overcome two hurdles: "First, the petitioner must show that counsel's performance fell below an objective standard of reasonableness as determined by prevailing professional norms. Second, the petitioner must show that the deficient performance of counsel prejudiced his defense." *Sanders v. Cotton*, 398 F.3d 572, 583–84 (7th Cir. 2005). A guilty plea is an admission of all of the elements of the crime charged. *United States v. Ranum*, 96 F.3d 1020, 1024 (7th Cir. 1996). A knowing and voluntary plea of guilty satisfies the elements of the crime; whether the government had sufficient evidence to convict at trial is irrelevant. It would make little sense to contest the sufficiency of the government's evidence at a plea hearing and it would be unreasonable for an attorney to do so. No reasonable jurist could find the Defendant's counsel acted unreasonably or that he prejudiced the Defendant's case because he did not challenge the sufficiency of the government's evidence.

A defendant may challenge a guilty plea on the ground that counsel's ineffective assistance rendered his plea unknowing or involuntary. *United States v. Broce*, 488 U.S. 563 (1989). A plea is knowing despite a defendant's lack of knowledge as to the strength of the government's case. "Federal Rule of Criminal Procedure 11(c) does not require the trial judge at the plea hearing to air all of the government's evidence against the defendant." *United States v. Seybold*, 979 F.2d 582, 587 (7th Cir. 1992). The knowing requirement means a defendant must be informed of "the nature of the charge to which the plea is offered, the possible sentencing range, and the fundamental rights . . . that the defendant waives by pleading guilty." *Id.* The Defendant does not argue that his guilty plea was unknowing or involuntary. It would be frivolous to do so. The record shows him to have understood the elements of his offense and there is nothing suggesting his plea was involuntary. He understood that the government would have to prove beyond a reasonable doubt that he knowingly

2

possessed a firearm in furtherance of the drug transaction he admitted to. (Plea Hr'g Tr. 10–12; DE 143.) He admitted that, from where in the house the drug transaction took place, he had his gun available to him. (Plea Hr'g Tr. 22–25.) Also, when the government summarized its evidence, the Defendant disputed that the gun was for protecting drugs, and said the gun was for protecting the house. (Plea Hr'g Tr. 26–28.) Nevertheless, he said he would take responsibility and pled guilty to the count. The Defendant's knowing and voluntary guilty plea makes the sufficiency of the government's evidence irrelevant. He could have insisted on trial and defended against the section 924(c) charge but he did not. He points to nothing his attorney did in advising him as to his decision to plead guilty that was unreasonable.

The Court finds the Defendant has not made a substantial showing of a denial of a constitutional right and the Court will not issue a certificate of appealability. The Defendant's request [DE 151] is DENIED.

SO ORDERED on March 3, 2006.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT